365 P.2d 785

**STATE of Utah, Plaintiff and Respondent,**

v.

**Leo Barrett STEWART, Jr., Defendant and Appellant.**

No. 9331.

Supreme Court of Utah.

Oct. 31, 1961.

McCullough, Boyce & McCullough, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Roland G. Robison, Jr., Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

This is an appeal from a jury verdict finding the defendant guilty of negligent homicide.[1]

Shortly after sunup on March 9, 1959, the defendant ran a red light at the intersection of 21st South and 9th East Streets, in Salt Lake City, Utah. Upon entering the intersection, going west in the inside lane, defendant collided with Paul Weddington's car, which was going south. Weddington was thrown from the car and, as a result of injuries sustained in the collision, died three days later. The accident occurred at about 7:45 a. m. The sun was just coming up over the mountains in the east and was shining directly on the semaphore at the intersection.

The defendant testified that as he approached the intersection the light was green. Other witnesses testified that the light was red and the defendant did not have the right of way. Two other motorists going west, in the outside lane, had no difficulty in determining that the light was red, and had stopped, waiting for the signal to change.

At the time of the trial the defendant offered to prove, through testimony of the city traffic engineer, that (1) the intersection in question had the second highest number of accidents per number of cars trav-

1. 41–6–43.10, U.C.A.1953.

eling through it of any intersection of Salt Lake City during the year 1959, and furthermore, that it had been one of the 10 intersections having the highest accident ratio in Salt Lake City for a period of at least five years prior to the accident; (2) that the semaphore which was installed at the intersection at the time of the collision was dangerous because the lenses which it then had, tended to cause "sun phantom" when the sun was shining directly into them, as it admittedly was at the time of the collision; and (3) that as a result of the accident ratio and studies carried out by the city at this particular intersection, a system of double semaphores incorporating an all red phase signal was subsequently installed to correct certain deficiencies which the studies had found to exist and to show "their (other accidents) relationship to the present or to the case at bar and the similarity that existed between them * * *."

On hearing the proffer the court excluded any evidence relating thereto and the defendant contends that this was error.

■■ The general rule is that evidence of similar accidents or injuries at or near the same place is admissible if not too remote in point of time,[2] provided a similarity exists between the circumstances surrounding the prior accident and the one before the court.[3] It appears to this court that the defendant should have been allowed to introduce evidence of other accidents if he could prove, as he asserts, that a similarity existed between the prior accidents and the present case. Evidence that would merely prove that many accidents had occurred at the intersection or that it was one of the most accident-prone intersections in the city would be properly excludable.

■ The defendant testified that when he observed the light it was green; however, other motorists testified that the light was red. The drivers of westbound cars *in the outside lane* testified they had no difficulty in determining that the light was red. It thus might be asserted that the defendant was not confused by sun phantom and therefore any evidence concerning sun phantom would be immaterial. Assuming that a condition of sun phantom might exist, defendant's testimony is entirely consistent therewith. He was *in the inside lane* nearest the semaphore, and testified that the light was green when he entered the intersection. If the effect of the sun upon the semaphore actually created the illusion that the green light was on, his testimony could not be other than that given. If, on the other hand he had testified that he was confused by the semaphore—that he could not discern which colored light was on—he certainly would have been negligent in entering the intersection without taking steps to ascertain the true situation.

2. 20 Am.Jur., Evidence 304, p. 282.

3. 70 A.L.R.2d 170, 171.

The fact that other witnesses testified that the light was in fact red would only affect the credibility and not the admissibility of evidence relating to sun phantom, and none of the witnesses were proceeding in the same lane of traffic as the defendant.

■ Inasmuch as the defendant, assuming a condition of sun phantom existed, was not in a position to testify thereto, other competent evidence should have been taken into consideration. The trial judge, during the course of the trial, correctly remarked: "If there is anything peculiar about this intersection or its timing that would help the jury in determining whether this defendant violated the law, it would be material." Evidence concerning the lenses in the semaphore and their tendency to cause sun phantom, if such be the fact, would be material and the city traffic engineer, as an expert, should have been permitted to so testify.

■ The defendant also proffered the testimony of a witness who was approaching the intersection from the south at the time of the accident. This testimony was that the witness, just prior to the collision, remarked to his wife: "I wonder who's going to run it this morning?" This was properly excluded.

For the reasons stated, the judgment of conviction is reversed and the case remanded for a new trial.

HENRIOD and CROCKETT, JJ., concur.

McDONOUGH, Justice (dissenting).

As stated in the prevailing opinion, a substantial similarity between the circumstances surrounding the prior accident and the one before the court must nevertheless be shown. It is my opinion that the required similarity was not shown in the proffered evidence in the instant case. Had the defendant offered to show that the other accidents had occurred because of sun phantom, then the evidence would have been properly admissible. But, whether or not the intersection in question had a high accident ratio was not of itself relevant to the question of the defendant's negligence or state of mind under the circumstances revealed by this record.

I think the evidence which was offered to show the dangerous condition of the semaphore was likewise properly excluded as being irrelevant to the question of the defendant's negligence. Defendant offered to show that the lenses which were on the semaphore at the time of the accident were of an old type which were susceptible to "sun phantom" when the sun was shining directly into them. He argues that this evidence was relevant and should have been admitted because it would have had a bearing upon the question of his state of mind at the time of the accident. It is signifi-

cant, however, that although the defendant testified in his own behalf, and the evidence shows that he talked to a number of persons at the scene of the accident, he failed to make any claim whatsoever that he was in any way confused by this alleged "sun phantom." Instead, he testified as follows:

"Q. Was there anything to call your attention to the fact that you did not have the right-of-way through this intersection that you could think of? A. Not a thing. It was complete surprise to me when the car shot up in front of me. I proceeded because I thought the intersection, the right-of-way was mine. I was going down the street."

Later, on cross-examination he testified further:

"Q. * * * [Y]ou have a definite recollection of seeing the light green at that point (150 feet back from the intersection). Is that right? A. Well, I have no reason to make 150-foot estimate, but—I think it might be wrong, *but the light was green as I came up to it, yes sir.*"

That the defendant was not confused by the alleged sun phantom is also supported by additional evidence. In addition to the Weddington car and the pick-up truck driven by the defendant, there were four other automobiles at or near the scene of the accident. Two of the witnesses who were in cars traveling on 9th East Street, one going south, the other north, testified that the light had turned green prior to the time when the Weddington car proceeded into the intersection. One of these witnesses also testified that the defendant had increased his speed as he neared the intersection. The other two cars were traveling west on 21st South Street, as was the defendant. Both of these cars stopped for the red light, and indeed, one of the drivers testified at trial that she had experienced no difficulty in seeing the red light as she approached the intersection, despite the fact that defendant contends the sun was shining directly into it.

The offered evidence regarding the studies carried out and the changes which were made at the particular intersection were also irrelevant and properly excluded because defendant again failed to show a causal connection between the possible deficiencies and the accident.

I would affirm the judgment entered below.

WADE, C. J., concurs in the dissenting opinion of McDONOUGH, J.